**GRISE et, Plaintiffs-Appellees, v. WARRICK et, Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

No. 673. Decided November 30, 1949.

Wilbur D. Spidel, Richard E. Hole, Greenville, Webb R. Clark, Dayton, for plaintiffs-appellees.

T. A. Billingsley, Greenville, J. Myers, Dayton, for defendants-appellants.

**OPINION**

By HORNBECK, J:

At the outset we find a motion of the appellees to dismiss the appeal because it is not perfected within the time provided by §12223-7 GC.

The appeal questions the right and authority of the Common Pleas Court to charge expenses or allow attorneys' fees in the partition proceeding which eventually was dismissed by the plaintiffs. The basis of the motion is that the notice of appeal was not filed within the time prescribed by statute because not filed within twenty days after the judgment entry, although, concededly, it was filed within twenty days after the overruling of the motion for new trial. The claim of the mover is that a motion for new trial was not appropriate because there was nothing considered by the court in that part of the judgment to which the appeal is directed which required reconsideration of any factual development. Supporting this position, counsel cite **State ex rel Longman v. Welsh, 132 Oh St 244,** wherein the court held that the motion for new trial did not extend the time in which the appeal could properly be noted for the reason that under the provision of the Code as it then existed the motion was not "duly filed". In the cited case the judgment had been entered after a general demurrer to the petition had been sustained. Manifestly, there was no issue of fact involved in the action of the court which was challenged because upon demurrer all facts well pleaded were admitted to be true. Likewise appellant's brief directs attention to **State ex rel Johnson v. Wallace, 70 Oh Ap 329.** In this case, as stated in the first syllabus, the judgment was entered on the pleadings and no mention of any other predicate or finding is made. Obviously, the court must have

concluded as a basis for its action that there was no issue of fact on any controlling issue of law.

In **Cullen v. Schmit, et al., 137 Oh St 479,** the judgment sought to be reviewed was upon a directed verdict of the jury on behalf of the defendants at the conclusion of the trial. The court held that the purpose of filing the motion for new trial, as claimed, was to secure a re-examination of the issues of fact presented by the pleadings and held that the motion was duly filed and that the time within which the notice of appeal should be filed began upon the date of the entry overruling the motion.

In the light of these decisions we examine the judgment entry under consideration here. If the contention of the appellants is sustained to the effect that the court was without any authority whatever to allow expenses or award attorneys' fees in the receivership, unless appellant is estopped to assert such claim, then it is patent that no issue of fact would be involved. On the other hand, the court in determining that expenses should be allowed and attorneys' fees awarded must of necessity have considered not only the legal right to allow such claims but also the nature, extent and value of the expenses and services under consideration and also the effect of the attitude of appellant toward the allowances which are questioned. There were issues of fact which were of necessity brought into consideration upon the motion for new trial, which was general in its form.

It will be observed that we have discussed the question raised by the motion upon the hypothesis that the present statute §12223-7 GC requires the same construction as the former section of the same number and that a motion for new trial to be the basis for a notice of appeal must be duly filed. We do so only for the purposes of discussing the motion upon the theory of the appellees and are not holding that the present section demands such construction because there is nothing whatever said in the new section of the code respecting the necessity that a motion for new trial be "duly filed". The language of the section is, after fixing the time within which the appeal shall be perfected,

"(1) In appeals to the * * * Courts of Appeals * * *, within (20) days.

Provided, that, when a motion for new trial is filed by either party within ten days after journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, then

the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

The motion to dismiss the appeal will be overruled.

We then consider the appeal on questions of law on its merits. Appellant cites four errors,

(1) That the partition case in which this appeal is noted was brought without any authority at law or of legal right.

(2) That the partition suit was brought before the motion for new trial was disposed of in the will contest case, involving the will of John W. Spidel, deceased, contrary to §10509-22 GC.

(3) There being no basis to maintain the partition suit there was no authority to charge the expenses connected therewith against the defendants who are entitled to all the income from the real estate under the will of John W. Spidel, deceased.

(4) That inasmuch as the partition case was voluntarily dismissed by the plaintiffs succeeding the action of the Court of Appeals of this District in reversing the judgment of the Trial Court setting aside the will of John W. Spidel, deceased, the court erred in charging the fees of the attorneys for the receiver against the income of said real estate belonging to John W. Spidel, deceased.

Prior to the institution of the partition suit, an action contesting the will of John W. Spidel, deceased, had been successfully maintained in the Common Pleas Court. Succeeding the filing of the partition suit the Court of Appeals of this District reversed the judgment, setting aside the will and remanded the cause for new trial. (See **Spidel v. Warrick, 50 Abs 413.**) Thereafter, on November 10, 1948, the will contest proceedings were dismissed as was the partition suit but prior to this dismissal the trial judge had appointed a receiver, named counsel to represent him and allowed payment of expenses out of the receivership, including fees for the attorneys for the receiver in the amount of $3,400.00. These payments were made from money in the hands of the receiver which it is claimed represented rents and profits of the realty of the estate of decedent.

In our judgment the first and second assignments of error, if they be conceded to be sound propositions of law, do not require a reversal of the order appealed from because counsel for appellant approved entries, finding that it was proper and

necessary to appoint a receiver and specifically directing the executor of the estate of decedent to collect rents and unpaid money due for the sale of crops until the receiver is appointed and qualified; reciting that by an agreement of all the parties and for good cause shown, it is ordered that Emery Brandt be, and hereby is, appointed receiver of all real estate described in the petition; ordering and naming Hugh A. Staley and Jerome H. Goubeaux, attorneys, to represent the receiver "and for the services to be rendered by said attorneys they shall be paid such amount as the court finds to be reasonable"; approving the bond of the receiver and directing that he enter upon his duties; and finally, ordering payment to counsel for the receiver in the sum of $400.00 to be applied on the total amount eventually due them. In view of the approval of the subject matter of the aforesaid entries by counsel for appellant, he is estopped to urge either that the expenses, the services of the receiver which are not now questioned, or the legal services of counsel for the receiver should be paid out of the estate of decedent.

There, then, is left the question only whether or not the court abused its discretion in holding that it was equitable and fair that the expenses and fees of counsel be paid out of the money in the hands of the receiver which represented rents and profits of the real estate.

Unfortunately for the narrow claim of the appellant we do not have any bill of exceptions nor do we even have a copy of the will of John W. Spidel, deceased, and we are therefore without information from which we could make determination that the court acted inequitably or unfairly to the appellant in requiring the payment of expenses and counsel fees from the funds in the hands of the receiver. The presumption of validity and regularity which attends the order of the trial court is sufficient to support it against the claim of the appellant upon the record as it comes to our attention.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.