## STIVER v STIVER

Ohio Appeals, 1st Dist, Clinton Co.

No. 127. Decided Nov. 14, 1939

Maple & Maple, Lebanon, and C. Donald Dilatush, Lebanon, for appellant.

Hayes & Hayes, Wilmington, and Benjamin P. Pink, Cincinnati, for appellant.

### OPINION

By HAMILTON, PJ.

This case is here on a motion of the appellee to dismiss the appeal on the ground that there is no final order or judgment from which the appeal is taken.

The record discloses that in a divorce and alimony proceeding the court, on July 24, 1939 entered an order appointing the county sheriff receiver to take charge of property held jointly by plaintiff and defendant. From that order, no appeal was taken, and the time has long since passed for appeal from that order. The receiver did not exe-

cute a bond, the receiver and the parties thinking the sheriff's bond as such officer was sufficient security under the law. On October 12, 1939, defendant filed a motion to require the receiver to give a bond as receiver. The trial court thereupon put of record an entry in which it stated that in order to remove any doubt that may exist as to the sufficiency of the sheriff's bond, the receiver was ordered to execute a bond in the sum of $1000.00, which the receiver promptly gave.

On October 18th, 1939, the defendant filed a motion requesting the court to set aside and vacate the appointment of the receiver, on the ground that upon his appointment he did not properly qualify as such receiver in that he did not take the proper oath or give a bond as such receiver.

This motion the court overruled and it is from the overruling of the motion to vacate that this appeal is taken.

The statement of the proceeding as disclosed by the record is sufficient to show that no appealable order was made in the overruling of the motion to vacate. The order appointing a receiver may have been error, but was not void. The common pleas court has general jurisdiction to appoint a receiver. An appeal from that order would have been proper. If a review of the motion to vacate could be had in this case, it would require a review of the original judgment. If this could be done, then in any case where appeal was out of time, in order to get a review, it would only be necessary to file a motion to vacate the judgment and proceed de novo from that motion.

It is argued that the receiver, not having properly qualified, the order of appointment did not take effect until the receiver was properly qualified. This position is not tenable. The force of the order is the finding it necessary and proper to appoint a receiver. If the party designated by the Court fails to qualify, the Court, under its order, may appoint another person by interlocutory order. The Court always has control over its receiver. The receiver is the arm of the Court. The Court

did order the receiver to execute a new and proper bond, which it clearly had a right to do.

The motion to vacate and the proceedings thereunder were but interlocutory in their nature, and lack the finality necessary to give the right of appeal to this Court.

The motion to dismiss the appeal is granted.

MATTHEWS & ROSS, JJ., concur.