**INDUSTRIAL CREDIT CO., Plaintiff-Applele, v. KEN RAY CORP., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23512.   Decided June 8, 1955.

Gorman, Arthur & Schofield, Cleveland, for plaintiff-appellee.
Blum & Blum, Cleveland, for defendant-appellant.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the Ninth District sitting by designation in the Eighth District.)

HISTORY:—Motion to dismiss appeal.  Appeal dismissed.  For further history see **Omnibus Index** in bound volume.

## OPINION

By STEVENS, PJ:

On August 30, 1954, plaintiff, Industrial Credit Company, filed its petition in the Court of Common Pleas of Cuyahoga County, wherein it alleged:

That plaintiff was a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio.

That defendant was a corporation organized and existing under the laws of the State of Ohio, with its principal office in Cleveland, Ohio.

That plaintiff was a judgment creditor of defendant by reason of a judgment rendered in its favor by that court against defendant on August 11, 1954, in the sum of $7,897.18, in case No. 662,780, then pending in said court, which judgment was rendered upon an installment note for the amount then remaining due.

That said note was secured by a chattel mortgage upon personal and chattel property, located in the Zanzibar Tavern, situated at 202 East Water Street, Sandusky, Ohio, which premises are leased.

That defendant had recently been operating said tavern in such manner that defendant's assets were being dissipated, and its lease and permit to sell intoxicating liquors in danger of being cancelled, which would impair the security of said mortgage and defeat plaintiff's rights

to have its judgment and note satisfied from the sale of said tavern as a going concern.

That plaintiff had no remedy at law.

Wherefore, plaintiff prayed that a receiver be appointed to take charge of said assets of defendant, including the permit to sell intoxicating liquors; that said tavern be sold as a going concern, including the permit to sell intoxicating liquors; that plaintiff be paid first from the proceeds thereof; and for such other relief as would be equitable and just.

A summons was issued and duly served on defendant on August 31, 1954, by handing to Maurice Wolkoff, secretary, a true and certified copy thereof, the president or other chief officers of said company not being found in the county.

A motion for appointment of a receiver was filed on August 30, 1954, and set for hearing on September 1, 1954. On September 2, 1954, an order appointing a receiver was duly made, both plaintiff and defendant being in court, which order was approved by counsel for plaintiff and defendant. Thereupon, the receiver duly qualified and entered upon the discharge of his duties.

On February 10, 1955, leave was granted to Helen Rosenberg to become a new party defendant, and to file an answer and cross-petition instanter and to make a new party defendant. On February 21, 1955, a motion by defendant, Helen Rosenberg, to vacate the appointment of the receiver was filed.

On March 18, 1955, the motion by defendant, Helen Rosenberg, to vacate appointment of receiver was heard and overruled.

On April 6, 1955, notice of appeal on questions of law was filed by Helen Rosenberg.

The matter now for decision by this court arises upon appellee's motion to dismiss the appeal herein for the assigned reason that the order appealed from is not a final order or judgment.

It is the contention of appellant, Helen Rosenberg, that the trial court did not have jurisdiction to appoint a receiver in this case, for the reason that all of the assets of the defendant corporation were outside of this county, and were situated in Erie County, Ohio.

Sec. 2735.01 R. C., sets forth the statutory grounds for appointment of a receiver. The petition filed herein includes two of said statutory grounds, and the cause of action therein set forth is one over which the Court of Common Pleas is given jurisdiction of the subject matter of the action.

Jurisdiction of the parties to the action attaches after the service of summons in accordance with §2307.36 R. C., both plaintiff and defendant being residents of Cuyahoga County. Inasmuch as the court possessed jurisdiction of the parties, and of the subject matter of the action, appellant's claim of lack of jurisdiction is untenable.

Then, too, the order appointing a receiver has not been appealed, and the motion to discharge the receiver was filed long after the expiration of the time for appeal of the order appointing a receiver.

The court did have jurisdiction to appoint a receiver herein, the subject matter of the action being personal, and not real property.

Did the overruling of appellant's motion to vacate the appointment of the receiver, and/or to discharge the receiver, constitute a final, reviewable order or judgment?

That question has been answered in the negative on many occasions by this and other courts of Ohio. See: **Neighbors v. Thistle Down Co., 26 Oh Ap 324**, par. 2 of the syllabus; **Stiver v. Stiver, 63 Oh Ap 327; Koring v. Chicago Pneumatic Tool Co., 10 Abs. 474; Eaton Loan & Home Aid Co. v. Wespiser, 20 Abs 690.**

The motion of appellee to dismiss the appeal herein is sustained, for the reason that the order from which the appeal was taken is not a final, reviewable order.

Exceptions. Order see journal.

Appeal dismissed.

HUNSICKER, J, DOYLE, J, concur.