FRESHOUR, APPELLANT, *v.* TATE, WARDEN, APPELLEE.

[Cite as *Freshour v. Tate* (1992), 62 Ohio St.3d 410.]

(No. 90–2134—Submitted July 31, 1991—Decided January 29, 1992.)

*Paul L. Freshour, pro se.*

*Lee I. Fisher,* Attorney General, and *Stephanie R. Mitchell,* for appellee.

*Per Curiam.* On appeal, appellant renews the claims concerning the effective date of R.C. 2929.71, the failure to appoint independent examiners, and the tampering with evidence. None of appellant's claimed errors shows a lack of jurisdiction by the trial court, which is required for the issuance of a writ of habeas corpus when a petitioner is incarcerated pursuant to a judgment of a court of record. R.C. 2725.05. His claim that R.C. 2929.71 did not become effective until after the crime was committed is wrong. R.C. 2929.71 first went into effect on January 5, 1983. (139 Ohio Laws, Part I, 523, 569–570.) The indictment alleges that the attempted murder occurred on or about February 7, 1983.

Appellant's alleged errors concerning independent examiners and tampering with evidence are procedural matters. "Habeas corpus does not reach procedural errors either in the original trial or attempted appeal therefrom." *Parker v. Maxwell* (1963), 174 Ohio St. 471, 473, 23 O.O.2d 116, 117, 190 N.E.2d 271, 273.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.