LARSON

v.

KALEY, Sheriff.

[Cite as *Larson v. Kaley* (2000), 138 Ohio App.3d 120.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2000–P–0041.

Decided June 12, 2000.

*John C. Oberholtzer,* for petitioner.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Kelli K. Norman,* Assistant Prosecuting Attorney, for respondent.

_____

*Per Curiam.*

The instant action in habeas corpus is presently before this court for consideration of respondent's motion to dismiss, filed on April 25, 2000. As the primary grounds for his motion, respondent, Portage County Sheriff Duane Kaley, submits that the habeas corpus petition does not state a viable claim because its allegations are not sufficient to demonstrate that the trial court in the underlying case lacked jurisdiction to order the incarceration of petitioner, Roy B. Larson. For the following reasons, we hold that the motion to dismiss has merit.

As the Sheriff for Portage County, respondent acts as the warden of the county jail. Petitioner is presently an inmate in that jail, having been placed in respondent's custody on March 20, 2000. This incarceration is based upon a judgment entry rendered by the Domestic Relations Division of the Portage County Court of Common Pleas.

Although the allegations in the habeas corpus petition are somewhat abbreviated, it would appear that petitioner is a party to a domestic relations proceeding in which the plaintiff, Joan Larson, is trying to enforce a foreign support order. During the course of this proceeding, the trial court issued a "charging order" that held that the foreign support order would be paid from petitioner's interest in a family partnership. As part of this order, the trial court appointed a receiver to assist in obtaining the proceeds from any sale of petitioner's partnership interest.

After various attempts to obtain control of petitioner's partnership stock had failed, the trial court granted the receiver's motion to require petitioner to appear and produce the shares of stock. When petitioner did not appear as ordered, the trial court issued a warrant for his arrest. This warrant was executed a few days later, and petitioner was brought before the trial court on a contempt motion. During the ensuing hearing on the motion, petitioner again refused to produce the shares of stock in the partnership. As a result, the trial court found petitioner in contempt and remanded him into the custody of respondent.

In now seeking his immediate release from the county jail, petitioner asserts in his habeas corpus petition that his detention is illegal because the receiver in the underlying case has not satisfied the necessary requirements for accepting the appointment under the trial court's charging order. Specifically, petitioner alleges that the receiver has no authority to take any action against him or the shares of stock because the receiver has not taken an oath or posted a bond.

As a general proposition, a writ of habeas corpus will not lie when the petitioner's incarceration is predicated upon a judgment rendered by a trial court that had proper jurisdiction in the underlying case. See R.C. 2725.05; *Woodfork v. Russell* (1988), 39 Ohio St.3d 138, 529 N.E.2d 928; *Burton v. Reshetylo* (1974), 38 Ohio St.2d 35, 67 O.O.2d 53, 309 N.E.2d 907. Stated differently, an action in habeas corpus can be employed only to contest possible jurisdictional errors, not mere procedural errors. *Wilson v. Rogers* (1993), 68 Ohio St.3d 130, 623 N.E.2d 1210; *Freshour v. Tate* (1992), 62 Ohio St.3d 410, 583 N.E.2d 1301. Accordingly, in order for the petition in the instant action to state a viable claim in habeas corpus, the state of the law must be such that the failure of the receiver to fulfill the requirements for taking that position was sufficient, in and of itself, to deprive the trial court of jurisdiction to proceed against petitioner.

R.C. 2735.03 provides that before a receiver can begin to perform his duties, he must take an oath and execute a bond. In considering these elementary requirements, the courts of this state have indicated that, although the failure to be sworn or execute a bond deprives the receiver of his authority to act, it has

no effect upon the validity of the order of appointment. See *Stiver v. Stiver* (1939), 63 Ohio App. 327, 328, 17 O.O. 96, 96–97, 26 N.E.2d 595, 596. If the first appointed receiver never fulfills the requirements, the trial court can simply name a new receiver under its original appointment order. *Id.*

 Given that the improper qualification of a receiver does not render the appointment order void, it logically follows that the improper qualification also does not affect the jurisdiction of the trial court in the underlying case. As to this point, this court would further note that the courts of this state have consistently viewed the appointment of a receiver as an ancillary matter to the "main" action before the trial court. See *Forest City Invest. Co. v. Haas* (1924), 110 Ohio St. 188, 143 N.E. 549; *Bank One, Columbus, N.A. v. W.T. Invest. Group* (May 14, 1991), Franklin App. No. 90AP–1212, unreported, 1991 WL 81934. Thus, even if the failure to satisfy R.C. 2735.03 could affect the validity of a court's appointment order, it still would not affect the court's basic jurisdiction to go forward in a case.

As was noted above, the underlying case in the instant matter involves a complaint for the enforcement of a foreign support order. Pursuant to R.C. 3115.08(B), all trial courts of record in this state have the authority to hear such an action; accordingly, the instant trial court obviously had subject matter jurisdiction over the case. Furthermore, petitioner has not made any allegation as to a possible lack of personal jurisdiction.

Therefore, this court concludes that the trial court had jurisdiction to proceed in the underlying case and render its decision finding petitioner in contempt for not producing the shares of stock. Although the receiver may have lacked the authority to be filing motions before the trial court, this alleged error would not affect the court's authority to render judgments in the underlying case. At best, the alleged failure to satisfy R.C. 2735.03 is a mere procedural error which cannot form the basis of an action in habeas corpus.

 In responding to the motion to dismiss, petitioner has asserted a new argument in support of his habeas corpus claim, *i.e.,* petitioner contends that the contempt judgment is void because he is not the actual owner of the stock in question. As to this point, we would first note that the contempt judgment expressly states that the trial court has not made a final determination on the ownership issue and that the trial court merely intends to hold the stock until that determination is made. Second, we would indicate that, even if the trial court had already made an erroneous decision on the ownership issue, such an error would not be jurisdictional in nature and could be contested in an appeal from the contempt judgment.

Pursuant to the foregoing analysis, this court holds that, even when the allegations in the petition are construed in a manner most favorable to petitioner, they are legally insufficient to state a viable claim in habeas corpus. Therefore, respondent's motion to dismiss is hereby granted. It is the order of this court that petitioner's habeas corpus petition is dismissed.

*Petition dismissed.*

CHRISTLEY, P.J., NADER and WILLIAM M. O'NEILL, JJ., concur.