[Cite as *Hummer v. Hummer*, 2011-Ohio-3767.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96132

## MARY A. HUMMER

PLAINTIFF-APPELLEE

vs.

## PAUL J. HUMMER

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-325021

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**  July 29, 2011

**ATTORNEY FOR APPELLANT**

Caryn M. Groedel
Caryn Groedel & Associates Co, LPA
31340 Solon Road
Suite 27
Solon, OH 44139

**ATTORNEY FOR APPELLEE**

**Mary A. Hummer**

Margaret E. Stanard
Stanard & Corsi Co., L.P.A.
1370 Ontario Street
748 Standard Building
Cleveland, OH 44113

**For Mark E. Dottore**

Sarah Gabinet
Mary K. Whitmer
Kohrman Jackson & Krantz, PLL
1375 East Ninth Street
One Cleveland Center, 20th Floor
Cleveland, OH 44114

**For James Hummer**

Roger L. Kleinman
Cavitch, Familo & Durkin Co., LPA
1300 East Ninth Street
20th Floor
Cleveland, OH 44114

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant, Paul J. Hummer, appeals the December 2, 2010 judgment entry of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, which, among other rulings, denied his motion to set aside and vacate order appointing receiver. For the reasons stated herein, we dismiss the appeal.

{¶ 2} On February 19, 2009, appellee, Mary Hummer, filed a complaint for divorce from appellant. On May 20, 2010, Mary filed a motion to appoint a receiver and specifically requested that Mark E. Dottore be appointed receiver. The trial court granted the motion and appointed Dottore as the receiver on June 1, 2010. Dottore filed his oath of receiver on June 17, 2010. On July 14, 2010, the trial court issued an order amplifying and expanding upon the judgment entry appointing the receiver to further detail the receiver's authority and responsibility. No direct appeal was taken from the appointment of the receiver.

{¶ 3} Assets of the marital estate included a residence in Hunting Valley, Ohio ("the Hunting Valley property"), and a commercial building in Oakwood Village, Ohio ("the Oakwood property"). The trial court granted the receiver's motion for an order confirming the sale of the Hunting Valley property on August 20, 2010. No appeal was filed from that ruling.

{¶ 4} On October 21, 2010, appellant's counsel of record filed a motion to withdraw as counsel, which was granted by the court. New counsel entered an appearance and, thereafter, filed various motions including a motion to set aside and vacate order appointing receiver, filed on November 22, 2010.

{¶ 5} Following a hearing, the trial court issued a judgment entry on December 2, 2010. The court recognized that "[a] recurring theme in [appellant's] pleadings and motions is the claim that the appointment of Receiver Mark E. Dottore is void." The court recognized that no appeal was taken from the order appointing the receiver and that the pending motions could not be used as a substitute for an appeal. The court further rejected any claim that the appointment of the receiver was void ab initio. Additionally, among other rulings, the court granted the receiver's motion to confirm the sale of commercial property and denied appellant's motion to enjoin Receiver Dottore from selling the Oakwood property. Appellant filed a notice of appeal from these rulings on December 7, 2010.[1]

{¶ 6} Appellee filed a motion to dismiss the appeal in which she asserted an order denying a motion to vacate the appointment of a receiver is not a final appealable order. The motion was denied by this court's motion

---

[1] Additional motions were filed in the trial court following the notice of appeal. Matters raised therein are not before us in this appeal. We also recognize that a subsequent appeal was filed

panel. The same issue was also raised in the appellate briefs. Upon closer review of the matter, we find that the matter must be dismissed.

{¶ 7} Although the notice of appeal purported to challenge a number of rulings made in the December 7, 2010 judgment entry, appellant's sole assignment of error challenges the trial court's denial of his motion to set aside and vacate the order appointing the receiver. Therefore, we shall disregard any claimed errors that were not separately argued by brief. See App.R. 12(A).[2] We also need not address arguments that were not raised in the trial court. See *State ex rel. Zollner v. Indus. Comm. of Ohio* (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830; *Intercity Auto Sales, Inc. v. Evans*, Cuyahoga App. No. 95778, 2011-Ohio-1378, fn. 1.

{¶ 8} It is well settled that an order appointing a receiver is a final, appealable order that affects a substantial right in a special proceeding. *Cunningham v. Ohio Police & Fire Pension Fund*, 175 Ohio App.3d 566, 2008-Ohio-218, 888 N.E.2d 453, ¶ 6; see, also, R.C. 2505.02(B)(2). As such, an order challenging the appointment of a receiver must be appealed within 30 days of its issuance. *Hartley v. Hartley*, Medina App. No. 03CA0094-M, 2004-Ohio-4956, ¶ 12; *Jamestown Village Condominium Owners Assn. v. Mkt.*

---

in this court, Cuyahoga App. No. 96702.

[2] We note that in his reply brief, appellant represents that issues pertaining to the other motions referenced in the notice of appeal have become moot.

*Media Research, Inc.* (1996), 96 Ohio App.3d 678, 689, 645 N.E.2d 1265. Where a party fails to timely challenge the appointment of a receiver, he is precluded from later challenging that appointment or the authority granted to the receiver. *Hartley*, at ¶ 12. Accordingly, because no appeal was taken from the order appointing the receiver, the appointment may not be challenged herein.

{¶ 9} Insofar as appellant seeks to challenge the trial court's decision not to vacate the appointment of the receiver, it has been repeatedly recognized that an order denying vacation of a receivership does not affect any substantial right and is not a final appealable order. *Jamestown Village Condominium Owners Assn.*, 96 Ohio App.3d at 691-692; *Pollina v. Parker* (Sept. 23, 1980), Franklin App. No. 80AP-529; *Indus. Credit Co. v. Ken Ray Corp.* (1955), 127 N.E.2d 33, 72 A.L.R.2d 1072, 71 Ohio Law Abs. 257; *Stiver v. Stiver* (1939), 63 Ohio App. 327, 26 N.E.2d 595, 30 Ohio Law Abs. 351; see, also, *Saffady v. Savage* (C.A. 6, 2008), 524 F.3d 799, 804, 70 Fed.R.Serv.3d 454.

{¶ 10} Appellant's reliance on our recent decision in *Poindexter v. Granthum,* Cuyahoga App. No. 95413, 2011-Ohio-2915, is misplaced. In *Poindexter*, the notice of appeal was filed within 30 days of the order

appointing a receiver. Thus, in *Poindexter*, unlike here, the complaining party filed a timely appeal.[3]

{¶ 11} We recognize that appellant claims the appointment of the receiver was illegal and invalid, and that he seeks to challenge conduct of the receiver subsequent to his appointment. In light of this claim, the trial court held a hearing, and after considering the issues raised, deemed the appointment and the conduct of the receiver valid in a lengthy and detailed opinion. While appellant's brief alleges misconduct by the receiver, the court's denial of the motion to set aside and vacate the order of appointment was an interlocutory ruling from which an appeal may not be taken. Ohio law makes it clear that the time to challenge the appointment of a receiver is at the time the appointment is made.[4]

---

[3] We note that a trial court is not statutorily obligated to conduct a hearing prior to appointing a receiver. However, there must be sufficient evidentiary support for the appointment of a receiver and a trial court must "take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." *Poindexter* at ¶ 14-16.

[4] Appellant references a series of emails from prior counsel asserting that prior counsel objected to the appointment of the receiver. Nevertheless, as outlined above, no appeal was taken from the June 1, 2010 order appointing the receiver. Contrary to appellant's position, at the November 17, 2010 hearing, the trial court stated: "I sat there when his, (appellant's), attorney agreed to the appointment of Mark Dottore, as receiver in this case. He did it in my presence." Because we do not have a final appealable order in the present appeal, we do not reach the merits of these apparent contradictions.

{¶ 12} Nevertheless, appellant argues the appointment of receiver may be vacated pursuant to Civ.R. 60(B)(3).[5] It is well-settled that Civ.R. 60(B) may not be used as a substitute for a direct appeal. *Crouser v. Crouser* (1988), 39 Ohio St.3d 177, 182, 529 N.E.2d 1251. In this matter, the issues pertaining to the appointment of the receiver should have been made in a direct appeal.

{¶ 13} Insofar as appellant claims the appointment was void because the receiver never posted a bond, the improper qualification of a receiver does not render the appointment order void, and also does not affect the jurisdiction of the trial court to go forward in the underlying case. *Larson v. Kaley* (2000), 138 Ohio App.3d 120, 740 N.E.2d 691; see, also, *Band v. Livonia Assoc.* (Mich. App. 1989), 176 Mich.App. 95, 107, 439 N.W.2d 285 (recognizing the majority view that the failure to post bond is not fatal, even in a jurisdiction where a statute provides that a receiver must execute and file a bond before entering on his duties). Moreover, the court may order the posting of a bond nunc pro tunc to comply with the correct procedure. *Band*, 176 Mich.App. at 107. In such case, the bond relates back to the time of the appointment. *Starr v. Dotsikas* (Aug. 6, 1998), Cuyahoga App. No. 73201; *Cadle Co. No. 2 v. Rendezvous Realty* (Sept. 2, 1993), Cuyahoga App. Nos. 63565 and 63724.

---

[5] Appellant's motion to set aside and vacate order appointing receiver did not move to vacate the receiver pursuant to Civ.R. 60(B). It appears that Civ.R. 60(B) was raised in a motion subsequent to the filing of the instant appeal.

{¶ 14} This does not mean that a receiver's conduct can never be challenged. Simply because the appointment of a receiver is not challenged in a timely matter, does not mean the receiver is immune from further scrutiny for actions taken relating to the assets under the receiver's control. Because this case remains pending, with many issues unresolved that will likely be handled by the receiver, a comprehensive outline of the requirements for the appointment of receivers and the duties of both receivers and trial courts under Ohio law is in order.

{¶ 15} A trial court is vested with sound judicial discretion to appoint a receiver, and an appointment will not be disturbed absent a clear abuse of that discretion. *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 72, 573 N.E.2d 62. "A 'receiver' is defined as '[a]n indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, profits, and apply or dispose of them at the direction of the court * * *. A fiduciary of the court, appointed as an incident to other proceedings wherein certain ultimate relief is prayed. He is a trustee or ministerial officer representing the court * * *.'" Id. at 74, fn. 4, quoting Black's Law Dictionary (6th Ed.1990) 1268.

{¶ 16} A trial court has the authority to appoint receivers pursuant to R.C. 2735.01. The primary purpose of a receiver is to carry out orders of the court. *Park Natl. Bank v. Cattani*, 187 Ohio App.3d 186, 931 N.E.2d 623, ¶

10.   Receivers may be provided with broad powers to manage property pursuant to R.C. 2735.04, which provides, "Under the control of the court which appointed him, * * * a receiver may bring and defend actions in his own name as receiver, take and keep possession of property, * * * make transfers, and generally do such acts respecting the property as the court authorizes."

{¶ 17} The Ohio Supreme Court has interpreted R.C. 2735.04 as "enabling the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate." *State ex rel. Celebrezze*, 60 Ohio St.3d at 74. "R.C. Chapter 2735 does not contain any restrictions on what the court may authorize when it issues orders regarding receivership property." *Quill v. Troutman Ents., Inc.*, Montgomery App. No. 20536, 2005-Ohio-2020, ¶ 34. Although "statutory notice is not required in a receivership sale," *Huntington Natl. Bank v. Motel 4 BAPS, Inc.*, 191 Ohio App.3d 90, 2010-Ohio-5792, 944 N.E.2d 1210, ¶ 19, "a receiver's sale is subject to due-process requirements and review[.]" *Ohio Director of Transp. of State v. Eastlake Land Dev. Co.*, 177 Ohio App.3d 379, 2008-Ohio-3013, 894 N.E.2d 1255, ¶ 33.[6] A reviewing court will not disturb the trial court's judgment absent a clear abuse of discretion. Id. at ¶ 8.

---

[6] The majority opinion in *Eastlake* was widely interpreted as precluding sales of real property by receivers free and clear of liens absent adherence to the statutory foreclosure proceedings. The dissent in *Eastlake* viewed such sales as permissible under R.C. 2735.04, absent a claim by the lienholder of fraud or misconduct directed against the receiver. In the end, *Motel 4 BAPS*

{¶ 18} While there are no limits on the powers that may be given, a receiver's authority is not unbridled. Importantly, the receiver is the arm of the court and is at all times subject to the court's order and direction. *Park Natl. Bank v. Cattani*, 187 Ohio App.3d 186, 2010-Ohio-1291, 931 N.E.2d 623, ¶ 10; *Stiver*, 63 Ohio App. at 328. Indeed, trial courts are required to exercise control over the receiver according to the mandate of R.C. 2735.04. A trial court must be mindful of its duty to independently monitor and evaluate the conduct of the receiver in relation to the duties assigned. Likewise, receivers should be mindful of their duties and recognize they have a fiduciary duty to the parties and the assets under their control.

{¶ 19} The failure of trial judges or receivers to perform their respective duties can result in harm or losses that are not easily corrected after the fact

---

clarified the law in holding that real property sales free and clear of liens were permissible provided due process concerns as raised by the *Eastlake* majority were addressed. See, also, *Park Natl. Bank v. Cattani, Inc.*, 187 Ohio App.3d 186, 2010-Ohio-1291, 931 N.E.2d 623. For a discussion on this line of cases, see "Receiver's Sales of Real Estate Free and Clear Post-Eastlake," September 29, 2009 by Rebecca Kucera Fischer, Banking and Finance Law Report by Porter Wright; "Authority of Foreclosure Receivers to Sell Real Property" Ohio Practical Business Law, November 20, 2010 by Teri Rasmussen. "Lien on me, Recent decisions affecting the appointment and authority of receivers." M. Colette Gibbons, Daniel R. Swetnam and Melanie Shwab, Ohio Lawyer May/June 2011; "Park National Bank affirms the ability of receivers to sell real property free and clear of liens," M. Colette Gibbons and Melanie Shwab, Cleveland Metropolitan Bar Journal, Volume 3, No. 5, December 2010; "A Model Statute for Free-and-clear Sales by Equity Receivers," M. Colette Gibbons and Jason D. Grimes, American Bankruptcy Institute Journal, Volume XXVIII, No. 2, March 2009.

or on appeal.[7]   In the event assets are sold or transferred improperly, third parties can be unfairly impacted by subsequent appellate orders.

{¶ 20} While acting in a fiduciary capacity, a receiver must faithfully discharge his duties, use ordinary care in administering assets, and obey the orders of the court.  *INF Ent., Inc. v. Donnellon* (1999), 133 Ohio App.3d 787, 789, 729 N.E.2d 1221.  A receiver must take an oath to perform his duties faithfully and is required to execute a bond set by the court.  As provided by R.C. 2735.03:  "Before a receiver appointed as provided in section 2735.01 of the Revised Code enters upon his duties, he must be sworn to perform his duties faithfully, and, with surety approved by the court, judge, or clerk, execute a bond to such person, and in such sum as the court or judge directs, to the effect that such receiver will faithfully discharge the duties of receiver in the action, and obey the orders of the court therein."

{¶ 21} The amount of the bond is not set by statute, and instead, is committed to the sound discretion of the trial court.  See *Metro. Sav. Bank v. Papadelis* (Sept. 13, 1995), Medina App. No. 2380-M.  Although the court has broad discretion in determining the amount of the bond, an adequate bond

---

[7]   See R.C. 2325.03 - Title of purchaser in good faith not affected by attack on judgment by which he obtained title, purchasers in good faith include purchasers at judicial sales; and R.C. 2329.45 - Reversal of judgment: If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser.  In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale.

should be consistent with the value of the properties and assets that the receiver may possess during the expected period of the receivership. The court retains the ability to order the receiver to execute a proper bond. *Stiver*, 63 Ohio App. 327. The failure to challenge issues relating to the appointment of the receiver in the trial court results in the waiver of such issues on appeal. See *Heartland Bank v. LNG Resources, L.L.C.*, Franklin App. No. 08AP-410, 2008-Ohio-6226, ¶ 12.

{¶ 22} Local Rule 26 of the Cuyahoga County Court of Common Pleas requires that a receiver file an inventory of all property and assets in his possession within thirty days of taking possession and further requires the filing of quarterly reports. The failure to timely file a report is grounds for removal without compensation and may render the receiver ineligible for any subsequent appointment. Loc.R. 26(B).

{¶ 23} Generally, "[i]n order for parties to file suit against a receiver for actions taken [in their official capacity] regarding the receivership estate, * * * leave of court is required. Whether or not to grant a party leave to proceed in an action against a receiver is a matter that is left to the sound discretion of the trial court." (Internal citations omitted.) *Huntington Nat. Bank v. Weldon F. Stump & Co., Inc.*, Lucas App. No. L-06-1398, 2008-Ohio-2096, ¶ 20. Additionally, in certain circumstances, receivers can be sued in their

personal capacities.  *INF Ent., Inc.*, 133 Ohio App.3d at 788.  As recognized

by Judge Painter in *INF Ent., Inc.*:

> **"As court-appointed officers, receivers enjoy protections
> when following courts' orders.  Some courts have
> classified receivers' functions as being quasi-judicial in
> nature and have granted receivers immunity for
> performing acts in obedience to courts' orders.  Court
> appointed receivers act as arms of the court and are
> entitled to share the appointing judge's absolute immunity
> provided that the challenged actions are taken in good
> faith and within the scope of the authority granted to the
> receiver.  Other courts, including the Ohio Supreme
> Court, have held that a receiver can only be sued in his or
> her official capacity for actions taken under a court's
> order: 'His capacity * * * of * * * being sued "as receiver" * *
> * is plainly distinguishable from that of a personal
> character. * * * [S]atisfaction of judgments against him
> can be obtained only from the fund in his hands as
> receiver as directed by the court appointing him.'
> [*Murphy v. Holbrook* (1870), 20 Ohio St. 137, 142-143].**

> **"But a receiver also has a personal duty to faithfully
> discharge his or her duties and to obey the orders of the
> court.  The receiver acts in a fiduciary capacity and must
> use ordinary care in administering the assets of the
> corporation.  If the receiver exceeds the authority
> granted by the court or fails to use ordinary care, the
> general rule is that he or she may be sued in a personal
> capacity.  This proposition, which surprisingly has not
> received much attention in Ohio, is general, hornbook
> law."**

(Internal citations omitted.)   Id. at 788-789.

{¶ 24} By issuing this dismissal order containing an outline of the

current law involving receivers in Ohio, we make no findings or conclusions

regarding the conduct of the trial court, the receiver, the parties, or their

respective legal counsel. We remind all parties that the appointment of a receiver is an extraordinary measure employed to protect and preserve the rights of the parties. In light of the allegations herein, and the need for a clear record on the compliance with the above outlined law on receiverships, the trial court should, prior to trial, require an accounting and conduct a hearing to ensure that the parties' rights are being adequately protected by the receiver in this matter. The court should review the receivers' actions, including the liquidation of the life insurance policy, and consider whether the receiver has acted within the authority he has been given. Further, as it is apparent from the record in this case that no bond has been posted by the receiver, the trial court should issue an order in compliance with R.C. 2735.03.

{¶ 25} Because the challenged decision is not a final appealable order, we do not reach the merits of the appeal. Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, at fn. 2; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701. As such, we must dismiss the appeal for lack of jurisdiction.

Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR