[Cite as *Zeigler v. Trio Realty Group, L.L.C.*, 2011-Ohio-5515.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GARY D. ZEIGLER, TREASURER | : | JUDGES: |
| OF STARK COUNTY, OHIO, | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee, | : | Hon. Sheila G. Farmer, J. |
| | : | |
| v. | : | |
| | : | |
| TRIO REALTY GROUP, LLC, ET AL., | : | Case No. 2011CA00008 |
| | : | |
| Defendants-Appellants. | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2008CV05383

JUDGMENT:                       Affirmed, in part; Reversed, in part;
                                and Remanded

DATE OF JUDGMENT:               October 24, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendants-Appellants

JOHN F. ANTHONY, II                     JOHN J. RAMBACHER
110 Central Plaza South, Suite 510      825 South Main Street
Canton, OH  44702                       North Canton, OH  44720

For Appellee Bambini Company, LLC       JOSEPH M. ZEGLEN
                                        P.O. Box 104
DONALD P. KOTNIK                        Baltic, OH  43804
600 West Maple Street
North Canton, OH  44720

*Hoffman, J.*

{¶ 1} On December 22, 2008, Appellee, Gary Zeigler, Stark County Treasurer, filed a complaint in foreclosure for unpaid real estate taxes on commercial property owned by Appellant, Trio Realty Group, LLC. Parties holding mortgages to the property were Appellee, Bambini Company, LLC, and Appellant, The Elum Music Company.

{¶ 2} On May 15, 2009, the trial court granted appellee Zeigler default judgment against Appellant Trio Realty for its failure to answer or otherwise defend.

{¶ 3} On May 22, 2009, Appellee Bambini filed a motion for appointment of receiver to collect the rental income generated from the subject property. On same date, the trial court issued a decree of foreclosure and order of sale, directing the property be sold at Sheriff's sale. By order filed May 27, 2009, the trial court appointed a receiver.

{¶ 4} On July 16, 2009, Appellee Bambini filed a cross-claim against Appellant Trio Realty seeking payment of its mortgage and foreclosure of the subject property.

{¶ 5} On September 14, 2009, the trial court granted Appellee Bambini default judgment on its cross-claim against Appellant Trio Realty for its failure to answer or otherwise defend.

{¶ 6} On September 28, 2009, a praecipe was filed ordering the sale of the property at Sheriff's sale. A Sheriff's sale was scheduled for December 1, 2009. On December 3, 2009, a notice was filed advising the trial court that the Sheriff's sale had been cancelled because Appellant Trio Realty had agreed to a repayment plan with Appellee Zeigler.

{¶ 7} On February 9, 2010, Appellee Bambini filed a motion to authorize the receiver to take possession of the subject property and "do such acts which are necessary to generate funds pursuant to the Order in these proceedings and hold said

funds pursuant to further Orders of this Court, which acts would include offering for public auction the property***."

{¶ 8}  By order filed February 26, 2010, the trial court empowered the receiver to take certain actions, including offering the property for public auction.

{¶ 9}  On September 22, 2010, the receiver offered the property for sale at public auction and signed a purchase agreement with a buyer.

{¶ 10} On October 27, 2010, the receiver filed a report of sale requesting that the trial court approve the sale.  On November 8, 2010, Appellants filed a motion requesting the trial court to terminate the receiver and declare the sale null and void, and objected to the receiver's request for approval of the sale.  By judgment entry filed November 22, 2010, the trial court denied Appellants' motion.

{¶ 11} On December 20, 2010, Appellants filed objections to the receiver's proposed sale.  On December 21, 2010, the trial court entered a confirmation of sale.

{¶ 12} Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 13} "THE TRIAL COURT ERRED WHEN THE TRIAL COURT DENIED APPELLANTS' MOTION TO TERMINATE THE COURT-APPOINTED RECEIVER AND/OR TO DECLARE THE RECEIVER'S ACTIONS TO BE NULL AND VOID; INCLUDING, WITHOUT LIMITATION, THE RECEIVER'S ACTIONS TO SELL REAL PROPERTY (OTHERWISE SUBJECT TO A FORECLOSURE SALE) WHERE THE RECEIVER WAS NOT SWORN AND WHERE THE RECEIVER DID NOT EXECUTE A BOND AS REQUIRED UNDER OHIO REVISED CODE SECTION 2735.03."

II

{¶ 14} "THE TRIAL COURT ERRED WHEN THE TRIAL COURT EMPOWERED/AUTHORIZED THE COURT-APPOINTED RECEIVER TO OFFER REAL PROPERTY (OTHERWISE SUBJECT TO A FORECLOSURE SALE) FOR PUBLIC AUCTION AND/OR WHEN THE TRIAL COURT ORDERED THE RECEIVER TO SELL THE REAL PROPERTY FREE AND CLEAR OF THE OWNER'S INTEREST AND/OR A MORTGAGEE'S INTEREST OTHER THAN THROUGH A SALE UPON EXECUTION (I.E. SHERIFF'S FORECLOSURE SALE)."

I

{¶ 15} Appellants claim the trial court erred in denying their motion to terminate the receivership and further declare the receiver's actions to be null and void based upon the receiver's failure to take an oath and execute a bond. We agree, in part.

{¶ 16} R.C. 2735.03 governs oath and bond of a receiver and states the following:

{¶ 17} "Before a receiver appointed as provided in section 2735.01 of the Revised Code enters upon his duties, he must be sworn to perform his duties faithfully, and, with surety approved by the court, judge, or clerk, execute a bond to such person, and in such sum as the court or judge directs, to the effect that such receiver will faithfully discharge the duties of receiver in the action, and obey the orders of the court therein."

{¶ 18} In *Larson v. Kaley* (2000), 138 Ohio App.3d 120, 122-123, our brethren from the Eleventh District addressed the issue of a receiver's failure to execute a bond vis-à-vis subsequent acts:

{¶ 19} "R.C. 2735.03 provides that before a receiver can begin to perform his duties, he must take an oath and execute a bond. In considering these elementary requirements, the courts of this state have indicated that, although the failure to be sworn

or execute a bond deprives the receiver of his authority to act, it has no effect upon the validity of the order of appointment. See *Stiver v. Stiver* (1939), 63 Ohio App. 327, 328, 17 O.O. 96, 96-97, 26 N.E.2d 595, 596. If the first appointed receiver never fulfills the requirements, the trial court can simply name a new receiver under its original appointment order. *Id.*

{¶ 20} Based upon the statute and *Larson*, we find the trial court did not err in denying Appellants' motion to terminate the receivership but did error in not declaring the receiver's actions to be null and void.

{¶ 21} Assignment of Error I is overruled, in part, and sustained, in part.

II

{¶ 22} Based upon our disposition of Appellants' first assignment of error, we sustain Appellants' second assignment of error because the receivers actions were null and void.

{¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio is affirmed, in part, reversed, in part, and remanded for further proceedings in accordance with our opinion and the law.

By Hoffman, J.

Gwin, P.J. concurs

Farmer, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

*Farmer, J., dissents*

{¶24} I respectfully dissent from the majority's decision that the receiver's actions were null and void.

{¶25} I view the decision in *Larson* to stand for the proposition that the acts are not void, but voidable, and a trial court has just cause to remove a receiver. Although I sympathize with appellant's position that it appears harsh to permit a receiver to sell a property subject to foreclosure, that right is included in the statutory scheme designed by the Ohio General Assembly. The best way to alleviate this perceived injustice is a review of the legislation by the Ohio General Assembly.

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

GARY D. ZEIGLER, TREASURER : 
OF STARK COUNTY, OHIO, :
 :
 Plaintiff-Appellee, :
 :
v. : JUDGMENT ENTRY
 :
TRIO REALTY GROUP, LLC, ET AL., :
 :
 Defendants-Appellants. : CASE NO. 2011CA00008


For the reasons stated in our accompanying Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed, in part, reversed, in part, and the matter remanded to the trial court for further proceedings in accordance with our Opinion and the law. One-half costs assessed to Appellee and the other one-half costs assessed and divided equally between Appellants Trio Realty Group, LLC and The Elum Music Company.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER