[Cite as *Carr v. Acacia Country Club Co.*, 2012-Ohio-4723.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97989**

## LEONARD F. CARR

PLAINTIFF-APPELLANT

vs.

## ACACIA COUNTRY CLUB CO., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-682363

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEYS FOR APPELLANT**

Leonard F. Carr
Kenneth A. Bossin
L. Bryan Carr
The Carr Law Firm
1392 S.O.M. Center Road
Mayfield Heights, OH   44124

**ATTORNEYS FOR APPELLEES**

**For Acacia Country Club Co.**

Timothy J. Fitzgerald
Gallagher Sharp
6th Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, OH   44115

**For Joseph Aveni, et al.**

Scott H. Kahn
Mark F. Kruse
Kahn Kruse Co., L.P.A.
Galleria & Tower at Erieview
1301 East Ninth Street, Suite 2200
Cleveland, OH   44114

**For Michael Murman, Receiver**

M. Colette Gibbons
Jonathon W. Groze
Ice Miller LLP
600 Superior Avenue, East, Suite 1701
Cleveland, OH   44114

Michael E. Murman
Murman & Associates
14701 Detroit Avenue, Suite 555
Lakewood, OH   44107

SEAN C. GALLAGHER, J.:

{¶1} Appellant, Leonard F. Carr, appeals the decision of the Cuyahoga County Court of Common Pleas that found him responsible for the compensation of the receiver, Michael E. Murman, and the fees of the receiver's legal counsel.  For the reasons stated herein, we affirm.

{¶2} On January 21, 2009, Carr, a then shareholder in the Acacia Country Club Company ("Acacia"), filed a complaint for appointment of a receiver and for breach of fiduciary duty against the Acacia Country Club Company Board of Directors, individually and collectively, nine individually named directors, and Acacia.[1]  Among other relief sought under the complaint, Carr demanded the appointment of a receiver "to take possession and control of Acacia's assets and property and operations" and an order directing the receiver "to take any and all immediate action to mitigate shareholder cost and expenses * * * and to carry out the liquidation and dissolution of the corporation at the earliest reasonable time * * *."

{¶3} Carr sought the appointment of a receiver under R.C. 2735.01, which permits the prejudgment appointment of a receiver by a court of common pleas in certain cases, including "by a party whose right to or interest in the property or fund * * * is probable, and when it is shown that the property is in danger of being * * * materially injured"; "[w]hen a corporation has been dissolved, or is insolvent, or in imminent danger of

---

[1]  Acacia Development Company, Ltd., intervened in the action.   The individual members of the board of directors are not parties to the appeal.

insolvency, or has forfeited its corporate rights"; and "[i]n all other cases in which receivers have been appointed by the usages of equity." R.C. 2735.01(A), (E), and (F). Each of these grounds was alleged by Carr.

{¶4} The case was assigned to the trial court judge, who presided over related cases. Following an attorney conference, the court issued an order on January 27, 2009, that appointed Michael Murman as receiver. The order stated in pertinent part:

> Motion to appoint receiver is granted; attorney Michael Murman is appointed receiver; receiver to post bond in the amount of $5000 and to provide order for receiver by 2/6/09.

The receiver posted a bond on February 2, 2009. On February 3, 2009, the trial court entered an order stating the authorized powers of the receiver. In that order, the trial court indicated that the receiver was to be paid a $2,000 initial set-up fee and, thereafter, $3,000 per month, plus additional compensation as allowed by the court.

{¶5} The defendants filed emergency motions to stay and vacate the appointment of the receiver. They claimed that the appointment was made before the defendants were served with the complaint, that no hearing was held or evidence submitted regarding the appointment, and that the effect of the appointment was to enter a default judgment on the receivership count of the complaint.

{¶6} Carr filed an opposition brief in which he maintained that the appointment of the receiver was appropriate. Carr asserted that the receiver's appointment was well founded and supported by the factual allegations in the complaint and that the appointment of the receiver without a hearing was within the court's discretion.

**{¶7}** On March 19, 2009, the case was transferred to the commercial docket and assigned to a new judge. On March 24, 2009, the court, on its own motion, vacated the entry appointing the receiver. On March 27, 2009, Carr filed a motion for appointment of receiver, which incorporated his previously filed brief in opposition to the emergency motion to vacate the appointment of the receiver.

**{¶8}** Because Acacia had appealed from the January 27, 2009 order appointing the receiver and subsequent related orders, on June 8, 2009, the trial court issued a journal entry indicating that it may have acted inconsistent with the court's jurisdiction in vacating the appointment of the receiver. Therefore, upon a limited remand from this court, the trial court vacated the order appointing the receiver, the order regarding the powers of the receiver, and the order regarding the imposition and collection of assessments. The prior appeals were then dismissed as moot.

**{¶9}** On May 29, 2009, Murman filed his first receiver's report. On August 14, 2009, Murman filed a motion for award of attorney fees for his services in the amount of $42,563.30. He also sought compensation for the fees and expenses of his attorneys: Edward G. Kagels, Esq., in the amount of $20,250.00; and Schottenstein, Zox and Dunn Co., LPA, now known as Ice Miller LLP, in the amount of $25,831.20.[2] While Acacia opposed these motions, Carr did not file any opposition until the trial court instructed the parties to brief certain issues.

---

[2] A second motion seeking an award of $33,340.32 for Ice Miller LLP was denied.

**{¶10}** On March 23, 2010, Carr voluntarily dismissed his claims. The remaining counterclaims were later voluntarily dismissed, and the cross-claim of intervenor Acacia Development Company, Ltd., was disposed of on summary judgment.

**{¶11}** On April 1, 2011, the trial court issued an order that held Carr responsible for the receiver's compensation. An appeal from that ruling was dismissed for a lack of a final appealable order. Thereafter, the parties waived an evidentiary hearing on the amount of fees and expenses to be awarded the receiver and his counsel. Ultimately, on February 6, 2012, the trial court found Carr responsible for the expense of the receivership in the following amounts: a total of $8,147.05 to the receiver; $10,125.00 to Edward G. Kagels, Esq.; and $12,951.45 to Ice Miller LLP. The total allowance was $31,223.50.

**{¶12}** Carr timely filed this appeal, raising three assignments of error for our review. His first assignment of error provides as follows:

> The trial court erred in finding the appellant responsible for the receiver's fees as well as fees for the receiver's counsel.

**{¶13}** Carr argues that it was error for the trial court to hold him personally responsible for the receiver's fees when he never filed a motion for the appointment of a receiver and the appointment was made sua sponte by the trial court. He further claims that the receiver's fees should have been paid from the receivership property.

**{¶14}** A trial court's award regarding the compensation of a receiver is reviewed for an abuse of discretion. *Natl. City Bank v. Semco, Inc.*, 183 Ohio App.3d 229, 2009-Ohio-3319, 916 N.E.2d 857, ¶ 8 (3d Dist.). An abuse of discretion suggests that

the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶15}** When the appointment of a receiver is improper or invalid, the party at whose instance the receiver was appointed, and not the receivership fund, must pay all costs and expenses incurred as a result of the appointment. *Real Estate Capital Corp. v. Thunder Corp.*, 31 Ohio Misc. 169, 287 N.E.2d 838 (C.P.1972), paragraph six of the syllabus; 80 Ohio Jurisprudence 3d, Receivers, Sections 175 and 199 (1988). In such cases, the receivership costs are directly related to the acts of the plaintiff in filing suit and seeking the appointment of a receiver and cannot be ordered to be paid from funds that belong to the corporation, its creditors, and stockholders. *Thunder* at 189. Thus, a party who procures the appointment of a receiver runs the risk of being held accountable for the receiver's compensation in the event the appointment is found improper or invalid or is otherwise required under principles of equity.

**{¶16}** In this case, the trial court recognized that while Carr did not file a motion for a receiver until after the receivership was vacated, his lawsuit was "for appointment of a receiver," he opposed defendants' motion to vacate the receiver's appointment, and he sought to reassure the court that the "appointment of a receiver was well founded" and that "a receiver is absolutely necessary." When considering the allowance for the receiver's compensation, the trial court found it was inconsistent "for Carr to now argue that the court's appointment was void in the first place."

{¶17} Our review of the record reflects that Carr filed this action pursuing the appointment of a receiver. Carr's claim was an individual claim, and he sought individual relief. He was not acting on behalf of Acacia members, but solely was addressing issues that impacted him personally. After the appointment of the receiver was granted, Carr did not oppose the trial court's action. He did not raise any timely objection, and he did not appeal the receiver's appointment. Instead, Carr affirmatively acknowledged the appointment and opposed the opposing parties' efforts to have the appointment vacated.

{¶18} This was not a case where Carr passively acquiesced to the receiver's appointment. Rather, he sought the appointment directly, and he aggressively defended the appointment. Even when the court vacated the original appointment, Carr immediately sought for another receiver to be appointed. The one constant in this action was Carr's insistence on the need for a receiver.

{¶19} Conversely, Acacia fought the appointment and sought the receiver's removal. When afforded the opportunity to demonstrate that Acacia was indeed in need of a receiver, Carr failed to adequately demonstrate the need.

{¶20} It was only when the allowance for the receiver's compensation became the issue that Carr complained of procedural failures by the trial court. However, he was estopped from raising such challenges. A party who has acquiesced in the appointment of a receiver or fails to raise a timely objection to the appointment is estopped to complain of defects or irregularities in the appointment or to question the right of the

receiver to compensation for his services. *See Grise v. Warrick*, 56 Ohio Law Abs. 124, 91 N.E.2d 287 (2d Dist.1949); *Lebanon Prod. Credit Assn. v. Felhaus*, 34 Ohio Law Abs. 70, 34 N.E.2d 463 (1st Dist.1938); 80 Ohio Jurisprudence 3d, Receivers, Section 173; 75 Corpus Juris Secundum, Receivers, Section 85 (2002).

{¶21} Carr now claims because there was no finding of special circumstances, or that the corpus was insolvent, or that there was a special connection between the receiver and the plaintiff, that he should not be accountable. *See Richey v. Brett*, 112 Ohio St. 582, 148 N.E. 92 (1925). We are unpersuaded by his argument. We find that where the party seeking a receiver causes or acquiesces in the receiver's appointment and the appointment results in expenses being incurred, that party may be held accountable for the receiver's compensation even where irregularities in the appointment are later found or the receiver's appointment is later vacated.

{¶22} Thus, we cannot say the trial court abused its discretion in finding Carr accountable for the costs and expenses of the receivership. The first assignment of error is overruled.

{¶23} Carr's second assignment of error provides as follows:

The trial court erred in failing to find that the failure of the receiver to take or file an oath is fatal to his claim for (and entitlement to) fees (and those of his counsel).

{¶24} Carr argues that the receiver's appointment was not lawful because the receiver failed to take an oath and that the appointment of the receiver was void because

the trial court was without jurisdiction to appoint the receiver. We find no merit to his argument.

{¶25} R.C. 2735.03 requires that before a receiver enters upon his duties, he must take an oath and execute a bond. The statute provides as follows:

> Before a receiver appointed as provided in section 2735.01 of the Revised Code enters upon his duties, he must be sworn to perform his duties faithfully, and, with surety approved by the court, judge, or clerk, execute a bond to such person, and in such sum as the court or judge directs, to the effect that such receiver will faithfully discharge the duties of receiver in the action, and obey the order of the court therein.

R.C. 2735.03. While the record reflects that the receiver posted a bond in this matter, there is no indication that he was ever sworn to perform his duties faithfully.

{¶26} This court has previously recognized that "the improper qualification of a receiver does not render the appointment order void, and also does not affect the jurisdiction of the trial court to go forward in the underlying case." *Hummer v. Hummer*, 8th Dist. No. 96132, 2011-Ohio-3767, ¶ 13, citing *Larson v. Kaley*, 138 Ohio App.3d 120, 122-123, 740 N.E.2d 691 (11th Dist.2000). Further, an oath or bond may be ordered nunc pro tunc and relate back to the time of the appointment. *Fifth Third Bank v. Q.W.V. Properties, LLC*, 12th Dist. No. CA2010-09-245, 2011-Ohio-4341, ¶ 32; *Hummer* at ¶ 13. Also, objections to the receiver's failure to take an oath or give bond may be waived. 75 Corpus Juris Secundum, Receivers, Section 85. Therefore, "a party whose counsel has approved entries in the record appointing a receiver, approving his bond and directing him to enter upon his duties, is estopped to question the right of that

receiver to receive payment for his services." 80 Ohio Jurisprudence 3d, Receivers, Section 173.

**{¶27}** Accordingly, the mere fact that a receiver renders services without first having taken an oath or executed a bond does not necessarily preclude a court from awarding adequate compensation to the receiver. The record herein reflects that Carr failed to raise a timely objection to the qualification of the receiver. In fact, Carr acquiesced in the receiver's appointment and recognized the authority of the receiver by not asking for his discharge. Thus, any irregularities in the qualification of the receiver were effectively waived by Carr. Accordingly, we find the trial court acted within its discretion in awarding compensation to the receiver and his counsel for services rendered. The second assignment of error is overruled.

**{¶28}** Carr's third assignment of error provides as follows:

The trial court erred in the amount it awarded * * * and in failing to find that the fees requested by the receiver (and his counsel) are excessive, unreasonable and not related to preserving the corpus of the asset (Acacia Country Club).

**{¶29}** "The primary purpose of a receiver is to carry out the orders of the * * * court, which has the power 'to exercise its sound discretion to limit or expand a receiver's powers as it deems appropriate.'" *Semco, Inc.*,183 Ohio App.3d 229, 2009-Ohio-3319, at ¶ 8, quoting *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74, 573 N.E.2d 62 (1991). A receiver is entitled to reasonable compensation for his services, which typically requires consideration of the interest involved, the amount of skill necessary to perform the duties of the receivership, and the time and labor expended. *See Semco,*

*Inc.*,183 Ohio App.3d 229, 2009-Ohio-3319, at ¶ 11; 80 Ohio Jurisprudence 3d, Receivers, Section 174. The amount and measure of compensation is generally left to the sound discretion of the trial court. *Semco, Inc.* at ¶ 11.

{¶30} The trial court appointed Michael Murman as receiver on January 27, 2009. Thereafter, the court issued an order on February 3, 2009, stating the authorized powers of the receiver in which the trial court set forth the measure of compensation for the receiver as a $2,000 initial set-up fee and, thereafter, $3,000 per month, plus additional compensation as allowed by the court. Carr raised no objections to this order. The appointment of the receiver was vacated on March 24, 2009, approximately two months after the appointment.

{¶31} The receiver sought compensation in the total amount of $42,563.30. The receiver also sought compensation for the fees and expenses of his attorneys, Edward G. Kagels in the amount of $20,250.00 and Ice Miller LLP in the amount of $25,831.20. The trial court initially set an evidentiary hearing in this matter; however, all parties waived the hearing, and the trial court proceeded to issue a ruling.

{¶32} The trial court limited the receiver's award to $8,000, plus $147.05 in costs. The receiver's application for fees was supported by a time sheet that detailed the activities performed by the receiver and reflected a total of 132 hours spent on the matter. The time sheet and the receiver's report reflect that the receiver gathered information, met with interested parties and their counsel, and attended hearings and meetings with the court. Fees also were incurred as a result of the challenges brought against the

appointment of the receiver. Although the receiver delayed taking actual control of Acacia's assets, income, and operations pending the outcome of the challenges raised, the receiver made efforts to become familiar with Acacia and its operations and otherwise prepared to execute his duties and responsibilities under the order of appointment.

{¶33} The trial court also found Carr responsible for the expense of the receivership in the following amounts: $10,125.00 to Edward G. Kagels, Esq.; and $12,879.75 plus $71.70 in costs to Ice Miller LLP.

{¶34} Generally, a receiver's legal counsel may recover fees when it is determined "'that the services to be performed are necessary to produce, preserve or protect a fund which has, or may be, brought into the hands of the receiver and that such payment is to the interest of the receivership.'" *Natl. City Bank v. Semco, Inc.*, 3d Dist. No. 9-10-42, 2011-Ohio-172, ¶ 21, quoting *Liberty Folder Co. v. Anderson*, 55 Ohio Law Abs. 268, 89 N.E.2d 500 (2d Dist.1949). Nevertheless, when there has been an improper or invalid appointment of a receiver, the allowance awarded to the receiver and his attorneys remains a matter resting in the sound discretion of the trial court. The amount awarded must be reasonable.

{¶35} Although the receiver's legal counsel spent time defending the receivership and on matters following the vacation of the receiver's appointment, counsel also performed services that were in the interest of the receivership. A review of the time sheets provided reflects that the receiver's legal counsel spent time preparing and reviewing pleadings and documents regarding the receivership, advising the receiver with

respect to his rights, powers, and duties, attending meetings regarding Acacia and the receivership, appearing at court hearings, preparing the first receiver's report, and on other matters relating to the receivership. After reviewing the documents submitted, the trial court limited the award to the receiver's counsel to half of the amount sought.

{¶36} Upon our review, we do not find any abuse of discretion by the trial court in determining reasonable compensation for the receiver and his legal counsel. Accordingly, we overrule the third assignment of error.

{¶37} Regrettably, R.C. 2735.01 is not a model of clarity for the appointment, authority, or conduct of receivers. Many of the requirements are inferred. In its present form, it is largely an equity statute that gives broad discretion to trial courts in managing receivers. As recent cases challenging receivership law demonstrate, greater structure and clarity in the receiver statutes is overdue. The legislature may wish to draft express language on both the appointment and supervision of receivers. It may also be time for the legislature to draft express provisions for the costs associated with receivers. Nonetheless, under the circumstances of this case, we cannot say the trial court abused its discretion with regard to the compensation of the receiver or his legal counsel.

{¶38} Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR