**INF ENTERPRISE, INC. et al., Appellants,**

v.

**DONNELLON, Appellee.**

[Cite as *INF Ent., Inc. v. Donnellon* (1999), 133 Ohio App.3d 787.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980581.

Decided May 21, 1999.

*Paul Croushore*, for appellant INF Enterprise, Inc.

*Joseph B. Mansour*, pro se.

*Thomas S. Shore, Jr.* and *Jeffrey S. Routh*, for appellee.

PAINTER, Presiding Judge.

The origins of this case began several years ago. A lengthy discussion of the facts is not necessary, however, because this appeal involves a relatively straight-forward legal issue: whether a court-appointed receiver for a corporation can be sued by that corporation and its sole shareholder and officer.

Defendant-appellee, Terrence M. Donnellon, is the receiver. He was appointed by the Hamilton County Court of Common Pleas as the receiver for plaintiff-appellant INF Enterprise, Inc. ("INF"), a corporation that operated a health club, nutrition center, and sunbathing center, and whose sole shareholder and officer was plaintiff-appellant Joseph B. Mansour.

INF and Mansour filed suit against Donnellon. They alleged that Donnellon had negligently performed his duties as receiver and that he had negligently and maliciously wasted the assets of INF. Donnellon moved for summary judgment. He argued that court-appointed receivers are quasi-judicial officers who have absolute immunity for actions arising out of their performance of duties as court representatives. The trial court granted Donnellon's motion.

INF and Mansour now appeal. In their sole assignment of error, they assert that the court erred in granting summary judgment for Donnellon. They argue that, in certain circumstances, receivers can be sued in their personal capacities. We agree.

As court-appointed officers, receivers enjoy protections when following courts' orders. Some courts have classified receivers' functions as being quasi-judicial in nature and have granted receivers immunity for performing acts in obedience to courts' orders.[1] "Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that

---

1. See, *e.g.*, *Davis v. Bayless* (C.A.5, 1995), 70 F.3d 367, 373; *Smith v. Martin* (C.A.6, 1976), 542 F.2d 688, 690–691; *T & W Invest. Co. v. Kurtz* (C.A.10, 1978), 588 F.2d 801, 802; *Bradford Audio Corp. v. Pious* (C.A.2, 1968), 392 F.2d 67, 72–73.

the challenged actions are taken in good faith and within the scope of the authority granted to the receiver." [2] Other courts, including the Ohio Supreme Court, have held that a receiver can only be sued in his or her official capacity for actions taken under a court's order: [3] "His capacity * * * of * * * being sued 'as receiver' * * * is plainly distinguishable from that of a personal character. * * * [S]atisfaction of judgments against him can be obtained only from the fund in his hands as receiver as directed by the court appointing him." [4]

 But a receiver also has a personal duty to faithfully discharge his or her duties and to obey the orders of the court.[5] The receiver acts in a fiduciary capacity and must use ordinary care in administering the assets of the corporation. If the receiver exceeds the authority granted by the court or fails to use ordinary care, the general rule is that he or she may be sued in a personal capacity. This proposition, which surprisingly has not received much attention in Ohio, is general, hornbook law.[6]

Here, the trial court apparently did not consider this latter proposition of law: that personal liability can be imposed on a receiver in certain circumstances. We therefore reverse the court's judgment and remand this cause so that the court can determine whether Donnellon has any personal liability to INF and Mansour. To arrive at this conclusion, the court should make findings regarding the period of time that Donnellon was the receiver for INF. For that period of time, the court should address INF's and Mansour's allegations and make findings regarding whether Donnellon exceeded the court's authority or failed to use ordinary care.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

2. *Davis* at 373.

3. See, *e.g.*, *Murphy v. Holbrook* (1870), 20 Ohio St. 137, 142–143.

4. *Id.*

5. R.C. 2735.03.

6. See, *e.g.*, 66 American Jurisprudence 2d (1973) 184–185, Receivers, Section 367; 75 Corpus Juris Secundum (1952) 837–839, Receivers, Section 190; Annotation, *Receiver's Personal Liability for Negligence in Failing to Care for or Maintain Property in Receivership* (1968), 20 A.L.R.3d 967.