[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellee Terrence M. Donnellon, was appointed as receiver for plaintiff-appellant INF Enterprise, Inc. (INF), a corporation whose sole shareholder and officer was plaintiff-appellant Joseph B. Mansour. INF and Mansour sued Donnellon, alleging that he had negligently performed his duties as receiver and that he had negligently and maliciously wasted the assets of INF. INF and Mansour appealed the trial court's granting of summary judgment in favor of Donnellon in INF Enterprise, Inc. v.Donnellon (1999), 133 Ohio App.3d 787, 729 N.E.2d 1221.
We reversed the entry of summary judgment because the trial court had failed to consider whether Donnellon had any personal liability to INF and Mansour. The case was remanded for the trial court to consider the question of Donnellon's personal liability, and for findings regarding the duration of the receivership and whether Donnellon had exceeded the authority granted by the trial court or had failed to use ordinary care in administering INF's assets.
Upon remand, the trial court again granted summary judgment in favor of Donnellon. INF and Mansour have appealed, raising two assignments of error that allege that the trial court erred in granting Donnellon's motion for summary judgment and in overruling INF's motion for summary judgment.
A trial court may grant a motion for summary judgment where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. See Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 364 N.E.2d 267.
In its decision granting Donnellon's motion for summary judgment, the trial court correctly ruled, as a matter of law, that the receivership was terminated on August 22, 1997, the date on which an entry granting the motion to terminate the receivership was journalized. The trial court determined that there were no genuine issues of material fact and that reasonable minds could only conclude that Donnellon had acted within the authority granted by the trial court and had used ordinary care in administering INF's assets, and that, therefore, Donnellon was entitled to judgment as a matter of law.
We have reviewed the record and we agree with the trial court's conclusions. The assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.