[Cite as *Wagner v. Strip*, 2012-Ohio-4954.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SCOTT A. WAGNER | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant / | : | Hon. Sheila G. Farmer, J. |
| Cross-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 11-CA-82 |
| A.C.STRIP, ESQ., ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellee / | : | |
| Cross-Appellant | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                                          Common Pleas, Case No. 07 CV 00981

JUDGMENT:                                      AFFIRMED

DATE OF JUDGMENT ENTRY:          October 19, 2012

APPEARANCES:

For Appellant:                                  For Appellee:

SCOTT A. WAGNER #455-592          RICK E. MARSH
Oakwood Correctional Facility          EDWARD G. HUBBARD
3200 North West Street                    Two Miranova Place, Suite 500
Lima, OH 45801                               Columbus, OH 43215

*Delaney, P.J.*

{¶1} Plaintiff-Appellant/Cross-Appellee Scott A. Wagner appeals the July 27, 2011 judgment entry of the Licking County Court of Common Pleas. Defendant-Appellee/Cross-Appellant A.C. Strip, Esq. appeals the trial court May 13, 2008 denial in part of his motion for summary judgment on Wagner's complaint.

## FACTS AND PROCEDURAL HISTORY

{¶2} On September 4, 2004, the Licking County Court of Common Pleas sentenced Wagner to 89 years in prison following his conviction by a jury for 88 counts involving sexual abuse of 11 boys.

{¶3} Following his conviction, some of Wagner's victims filed a civil lawsuit against Wagner in the Licking County Court of Common Pleas captioned *Nathanial P. Stockdale, et al. v. Scott Wagner, et al.*, Licking C.P. No. 03CV820-TMM. The trial court appointed attorney A.C. Strip as a receiver for the purpose of preserving Wagner's limited assets in order to satisfy the terms of any potential judgment. (Sept. 25, 2003, Judgment Entry.) Strip had previous experience acting as a court-appointed receiver. The plaintiffs in the action dismissed Wagner from the case on October 21, 2005 and the case was ultimately dismissed on January 23, 2006. On July 10, 2006, the trial court terminated the receivership. Wagner attempted to appeal from the July 10, 2006 judgment entry, but this Court dismissed the appeal as untimely.

{¶4} On July 2, 2007, Wagner filed a complaint against Strip and Aaron C. Firstenberger, Esq. alleging negligence, breach of fiduciary duty, breach of contract, negligent/intentional infliction of emotional distress, and legal malpractice as a result

of Strip's actions as receiver. The complaint contained a jury demand. The trial court dismissed Firstenberger from the action.

{¶5} Strip filed a motion for summary judgment on March 10, 2008. On May 13, 2008, the trial court granted in part and denied in part the motion for summary judgment. The trial court granted summary judgment in favor of Strip as to Wagner's claims for breach of contract, negligent/intentional infliction of emotional distress, and legal malpractice. The trial court found there were genuine issues of material fact as to Wagner's claims for negligence and breach of fiduciary duty. The matters of which Wagner claimed Strip was negligent and/or breached his fiduciary duty included the sale of Wagner's 1997 Mazda truck, the filing and payment of Wagner's income and property taxes, and the management of Wagner's rental property located at Allston Avenue.

{¶6} The case progressed through a contentious discovery process. Wagner requested that he be allowed to appear in person for trial. The trial court denied the motion and the case proceeded to trial before the court through trial briefs and reply memorandum.

{¶7} On July 27, 2011, the trial court granted judgment in favor of Strip on the remaining issues of negligence and breach of fiduciary duty.

{¶8} It is from this judgment Wagner and Strip now appeal.

### APPELLANT WAGNER'S ASSIGNMENTS OF ERROR

{¶9} Wagner raises six Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN ITS SEPTEMBER 2, 2008 JUDGMENT

ENTRY DENYING APPELLANT'S MOTION TO COMPEL AMERICAN WAVE AUTO, LLC'S PRODUCTION OF DOCUMENTS, THEREBY DEPRIVING APPELLANT OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION. (SEPTEMBER 2, 2008 JUDGMENT ENTRY.)

{¶11} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN ITS MAY 27, 2010 JUDGMENT ENTRY DENYING APPELLANT'S MOTIONS LEAVE TO CONDUCT WITNESS DEPOSITIONS VIA TELEPHONE, THEREBY DEPRIVING APPELLANT OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION. (MAY 27, 2010 JUDGMENT ENTRY.)

{¶12} "III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION TOT HE [SIC] PREJUDICE OF APPELLANTS IN ITS (1) AUGUST 20, 2010 JUDGMENT ENTRY DENYING APPELLANT'S FEBRUARY 10, 2010 MOTION TO COMPEL DISCOVERY AND (2) SEPTEMBER 14, 2010 JUDGMENT ENTRY DENYING APPELLANT'S AUGUST 12, 2010 MOTION TO COMPEL DISCOVERY, THEREBY DEPRIVING OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO

CONSTITUTION. (AUGUST 20, 2010 JUDGMENT ENTRY; SEPTEMBER 14, 2010 JUDGMENT ENTRY.)

{¶13} "IV. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S REQUEST TO BE PRESENT AT TRIAL, THUS, DEPRIVING APPELLANT OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION. (SEPTEMBER 14, 2010 JUDGMENT ENTRY.)

{¶14} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF APPELLANT IN ALL COUNTS BY TRYING THIS MATTER BEFORE THE BENCH WHEN A JURY TRAIL [SIC] WAS DEMANDED AND NOT WAIVED PURSUANT TO OHIO CIVIL RULES OF PROCEDURES 39(A), THEREBY VIOLATING APPELLANT'S RIGHT TO TRIAL BY JURY AS GUARANTEED BY THE SEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION. (NOVEMBER 2, 2010 JUDGMENT ENTRY.)

{¶15} "VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT (1) FOUND THAT APPELLANT FAILED TO MEET HIS BURDEN OF PROOF BY A PREPONDERANCE OF EVIDENCE, AND (2) GRANTING JUDGMENT IN FAVOR OF APPELLEE-DEFENDANT A.C. STRIP, ESQ., AS SUCH CONCLUSIONS ARE CONTRARY TO LAW AND ARE NOT SUPPORTED BY EVIDENCE. (JULY 27, 2011 JUDGMENT ENTRY.)"

**CROSS-APPELLANT STRIP'S ASSIGNMENT OF ERROR**

{¶16} "THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT TO A.C. STRIP AS TO ALL CLAIMS IN ITS MAY 13, 2008 JUDGMENT ENTRY."

**WAGNER'S APPEAL**

*I. – III.*

{¶17} Wagner argues in his first, second, and third Assignments of Error the trial court abused its discretion in denying his pretrial discovery-related motions. We disagree.

{¶18} We analyze the three Assignments of Error together because they involve the same standard of review. In the regulation of discovery, the trial court has discretionary power and its decisions will not be overturned absent an abuse of that discretion. *Mauzy v. Kelly Servs., Inc.,* 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996); *State ex rel. Daggett v. Gessaman,* 34 Ohio St.2d 55, 57, 295 N.E.2d 659 (1973). An appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard. *Lightbody v. Rust,* 137 Ohio App.3d 658, 663, 739 N.E.2d 840 (8th Dist.2000); *Trangle v. Rojas,* 150 Ohio App.3d 549, 2002–Ohio–6510 (8th Dist.). Under this standard, reversal is warranted only where the trial court's attitude was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} The Ohio Rules of Civil Procedure allow for liberal discovery. Pursuant to Civ.R. 26(B)(1), the scope of discovery includes " * * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the

claim or defense of the party seeking discovery or to the claim or defense of any other party * * *."  Trial courts are given broad discretion in the management of discovery. *State ex rel. Daggett v. Gessaman, supra*.

*Motion to Compel as to American Wave, LLC*

{¶20} Wagner filed a motion to compel against non-party American Wave Auto, LLC to produce certain documents requested by Wagner through a subpoena.  The trial court denied the motion on September 2, 2008.

{¶21} As receiver, Strip sold Wagner's 1997 Mazda truck to American Wave Auto, LLC for $800.00.  As part of his complaint for negligence and breach of fiduciary duty, Wagner argued Strip should have sold the Mazda truck for more than $800.00.  In the subpoena, Wagner requested any documents American Wave Auto, LLC had in its possession relating to the Mazda truck.

{¶22} In his brief, Wagner argues the documents from American Wave Auto, LLC were important to his case.  Civ.R. 26 limits the scope of discovery that to which is relevant to the subject matter of the action.  Wagner has failed to argue how the documents possessed by American Wave Auto, LLC were relevant to the subject matter of the alleged breach of the receiver's duty to preserve Wagner's assets.  Upon our review, we find no abuse of discretion in the trial court's decision to deny the motion to compel.  Nor can we say the absence of these documents prevented Wagner from developing his case against Strip.

{¶23} Wagner's first Assignment of Error is overruled.

*Wagner's Motion to Conduct Witness Depositions by Telephone*

{¶24} On April 29, 2010, Wagner requested a general court order to allow him to take any witness deposition either telephonically, stenographically, or by videotape pursuant to Civ.R. 30(A). The trial court denied the motion on May 27, 2010.

{¶25} We find no abuse of discretion in the trial court's decision to deny the motion. Wagner did not specify in his motion any specific witness that Wagner required to depose, but rather requested a general court order for any deposition Wagner may conduct. The trial court's decision on the motion did not deprive Wagner of his ability to conduct discovery in preparation for trial because the trial court permitted Wagner to conduct a deposition by telephone as to a specific witness. Upon Wagner's request, the trial court permitted Wagner to conduct a deposition of Strip by telephone. (Jan. 19, 2010, Judgment Entry.)

{¶26} Wagner's second Assignment of Error is overruled.

*Motions to Compel Discovery*

{¶27} Wagner argues the trial court abused its discretion in denying Wagner's two motions to compel documents requested from Strip and to continue an interrupted telephone deposition of Strip. Both motions were fully argued before the trial court through responses and replies. We have reviewed the arguments and we can find no abuse of discretion in the trial court's denial of the February 12, 2010 and August 12, 2010 motions to compel.

{¶28} Wagner's third Assignment of Error is overruled.

## IV.

{¶29} In his fourth Assignment of Error, Wagner argues the trial court erred in not allowing Wagner to be present for trial by denying his Petition for Writ of Habeas Corpus Ad Testificandum. We disagree.

{¶30} "An individual does not have an absolute right to be present in a civil case to which he is a party." *In the Matter of Joseph P.,* 6th Dist. No. L–02–1385, 2003–Ohio–2217, ¶ 52, citing *In re Sprague,* 113 Ohio App.3d 274, 680 N.E.2d 1041 (12th Dist.1996). More specifically, prisoners have no constitutional right to be personally present at any stage of the judicial proceedings. *Mancino v. Lakewood,* 36 Ohio App.3d 219, 221, 523 N.E.2d 332 (8th Dist.1987).

{¶31} The decision of whether or not to permit an incarcerated individual to attend a civil proceeding is a matter within the discretion of the trial court. *Waites v. Waites*, 11th Dist. No. 93–L120, 1994 WL 102396 (Mar. 25, 1994)*, citing Mancino, supra.* An abuse of discretion is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶32} Whether an inmate should be brought to court to personally argue his case in a civil matter depends upon the particular and unique facts and circumstances of each case. *Mills v. Mills*, 10th Dist. No. 10AP-495, 2011-Ohio-2848, ¶ 12 citing *Tolliver v. Liberty Mut. Group,* 10th Dist. No. 04AP–226, 2004–Ohio–6355, ¶ 8*.* In *Mancino,* the Eighth District set forth the following criteria to be weighed in making this determination:

* * * (1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition.

*Id.* at paragraph two of the syllabus.

{¶33} The Eighth District later determined a trial court need not assess the *Mancino* factors on the record where the record is sufficient to show the basis of the analysis. *Mills, supra*, at ¶ 13 citing *E.B. v. T.J.,* 8th Dist. No. 86399, 2006–Ohio–441, ¶ 19, citing *In re Estate of Dezso* (Jan. 18, 2001), 8th Dist. No. 77903.

{¶34} The trial court ordered that this matter would be heard at a bench trial if Wagner could obtain an attorney; if he could not, the trial court would resolve the matter through trial briefs. (Sept, 14, 2010, Judgment Entry; Nov. 2, 2010, Judgment Entry.) Wagner did not secure an attorney and therefore the trial court considered the parties' trial briefs in making its decision on the merits. In this case, we find the record is sufficient to show the basis for the trial court's decision that this matter could be

resolved without Wagner's presence at trial. Its decision to proceed without Wagner's presence was not an abuse of discretion.

{¶35} Wagner's fourth Assignment of Error is overruled.

*V.*

{¶36} Wagner next argues his right to a jury trial was violated when the matter proceeded to a bench trial, rather than a jury trial as requested in his complaint.

{¶37} Civ.R. 39(A) states:

When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist. The failure of a party or his attorney of record either to answer or appear for trial constitutes a waiver of trial by jury by such party and authorizes submission of all issues to the court.

{¶38} On September 14, 2010 and November 2, 2010, the trial court ruled that the matter would proceed to trial on the briefs. Wagner filed no objection to the trial court's procedure and submitted trial briefs. Because Wagner failed to object to the trial court's procedure, we review the matter under the plain error doctrine.

{¶39} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where

error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), at paragraph one of the syllabus.

{¶40} In *Goldfuss,* the Court explained that the doctrine shall only be applied in extremely unusual circumstances where the error complained of, if left uncorrected, would have a material adverse effect on the character of and public confidence in judicial proceedings. *Id.* at 121. The Court concluded that the public's confidence is rarely upset merely by forcing civil litigants to live with the errors they themselves or the attorney chosen by them committed at trial. *Id.* at 121–122.

{¶41} In this case, we find there was no plain error for the trial court to act as fact finder and hear the matter on the briefs. Wagner's fifth Assignment of Error is overruled.

*VI.*

{¶42} Wagner's final Assignment of Error argues the trial court's decision to grant judgment in favor of Strip was against the manifest weight of the evidence. We disagree.

{¶43} In *Eastley v. Volkman*, 132 Ohio St.3d 328, 21012-Ohio-2179, 972 N.E.2d 517, the Ohio Supreme Court recently clarified the standard of review appellate courts should apply when assessing the manifest weight of the evidence in a civil case. *SST Bearing Corp v. Twin City Fan Companies, Ltd.*, 1st Dist. No. C-110611, 2012-Ohio-2490, ¶ 16. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins*, 78

Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Eastley*, at ¶ 17-19. A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Eastley*, at ¶ 20 quoting *Twearson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist. 2001); *See also Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist No. 2011CA00262, 2012-Ohio-3549 citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶44} "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley*, at ¶ 19.

{¶45} In the case of *Nathanial P. Stockdale, et al. v. Scott Wagner, et al.*, Licking C.P. No. 03CV820-TMM, the trial court appointed Strip as a receiver pursuant to R.C. 2735.10 to preserve Wagner's assets in order to satisfy any potential judgment against Wagner. The receivership was terminated on July 10, 2006. Following an unsuccessful appeal of the termination of the receivership, Wagner filed a complaint against Strip arguing in pertinent part Strip was negligent and committed a breach of his fiduciary duty as receiver.

{¶46} At trial, Wagner raised seven issues that he alleged demonstrated Strip's negligence and breach of his fiduciary duty: (1) the sale of Wagner's 1997 Mazda truck for $800.00; (2) Strip's failure to file Wagner's personal income tax returns; (3)

late payments on the property taxes for Wagner's rental property at Allston Avenue; (4) failure to repair the roof on the Allston Avenue property; (5) lax property management of the Allston Avenue property; (6) failure to obtain insurance on the Allston Avenue property; and (7) failure to pay mortgage payments on the Allston Avenue property. The trial court analyzed each issue with the facts in evidence and found that Wagner failed to meet his burden to establish that Strip had a duty as a receiver as to those issues or that Wagner suffered damages.

{¶47} A receiver "has a personal duty to faithfully discharge his or her duties and to obey the orders of the court. The receiver acts in a fiduciary capacity and must use ordinary care in administering the assets of the corporation. If the receiver exceeds the authority granted by the court or fails to use ordinary care, the general rule is that he or she may be sued in a personal capacity." *INF Ent., Inc. v. Donnellon*, 133 Ohio App.3d 787, 789, 729 N.E.2d 1221 (1st.Dist.1999). "[I]n order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, at ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶48} We have reviewed the trial briefs and submitted evidence. We find the decision of the trial court to grant judgment in favor of Strip and to dismiss Wagner's complaint was supported by the manifest weight of the evidence. The evidence shows Strip used ordinary care in discharging his duty as receiver to administer Wagner's assets.

{¶49} Wagner's sixth Assignment of Error is overruled.

**STRIP'S CROSS-APPEAL**

{¶50} In Strip's cross-appeal, he argues in his sole Assignment of Error that the trial court erred when it denied its motion for summary judgment on Wagner's claims of negligence and breach of fiduciary duty.

{¶51} Based on our affirmation of the trial court's judgment in favor of Strip, we find Strip's cross-appeal to be moot.

**CONCLUSION**

{¶52} The six Assignments of Error of Plaintiff-Appellant/Cross-Appellee Scott A. Wagner are overruled.

{¶53} The sole Assignment of Error of Defendant-Appellee/Cross-Appellant A.C. Strip is moot.

{¶54} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE

PAD:kgb

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| SCOTT A. WAGNER | : | |
| | : | |
| Plaintiff - Appellant / | : | JUDGMENT ENTRY |
| Cross - Appellee | : | |
| | : | |
| -vs- | : | |
| | : | Case No. 11-CA-82 |
| A.C. STRIP, ESQ., et al. | : | |
| | : | |
| Defendant - Appellee / | : | |
| Cross - Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the

Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE