[Cite as *Grand Key Condominium Unit Owners Assn., Inc. v. Hounshell*, 2014-Ohio-1355.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| GRAND KEY CONDOMINIUM UNIT OWNERS ASSOCIATION, INC., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-023** |
| CYNTHIA HOUNSHELL, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 10CF002360.

Judgment: Affirmed.

*Robert E. Kmiecik, Kevin M. Fields and Garrett B. Humes,* Kaman & Cusimano LLC, 50 Public Square, Suite 2000, Cleveland, OH 44113 (For Plaintiff-Appellee).

*James V. Loiacono,* Denman & Lerner Co., L.P.A., 8039 Broadmoor Road, #21, Mentor, OH 44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Cynthia Hounshell, et al., appeal from the Lake County Court of Common Pleas' award of summary judgment in favor of appellee, Grand Key Condominium Unit Owners Association, Inc. At issue is whether the trial court erred by failing to apply the doctrine of equitable estoppel. We affirm the trial court's judgment.

{¶2} On August 6, 2010, appellee filed its initial action in foreclosure, involving the condominium known as 95 Grand Key, Grand River, Ohio 44945, claiming it was

owed maintenance fees, common expenses, and assessments. Appellants did not answer or otherwise plead, and the trial court entered default judgment against them. Appellants subsequently moved the trial court for relief from the default judgment, pursuant to Civ.R. 60(B), asserting they never received service of the complaint. The trial court vacated the judgment and, after service was perfected, appellants answered the complaint. They did not, however, assert any affirmative defenses.

{¶3} On March 22, 2012, appellee moved for appointment of a receiver, which the trial court granted. The receiver filed three reports, detailing the amounts received from appellants' tenants at the condominium. In December 2012, appellee moved for summary judgment. Appellants did not oppose the motion and the trial court entered summary judgment. This timely appeal followed.

{¶4} Appellants assign the following error:

{¶5} "The trial court committed prejudicial error when, in holding Appellee's Motion for Summary Judgment 'is well-taken and hereby sustained,' and that there was no genuine issue of material fact and that the Appellee was entitled to summary judgment as a matter of law."

{¶6} Under their sole assignment of error, appellants contend appellee was equitably estopped from obtaining summary judgment. They observe appellee obtained the appointment of a receiver, and maintain that if the receiver had properly collected rentals from their tenant, any delinquency would have been satisfied.

{¶7} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from

2

the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

{¶8} Appellants' argument is fatally flawed for several reasons. First, equitable estoppel is an affirmative defense and is waived if not raised in the pleadings or in an amendment to the pleadings. *See* Civ.R. 8(C); *see also Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). Appellants did not raise equitable estoppel as an affirmative defense in this matter and, as a result, the defense was waived.

{¶9} Assuming arguendo, however, the defense was not waived, appellants cannot establish the elements of equitable estoppel. A party must demonstrate the four following elements to invoke the doctrine of equitable estoppel: (1) a representation by words, actions, or silence; (2) the representation must relate or communicate a fact or state of affairs in a misleading fashion; (3) the representation must induce actual reliance and such reliance must be reasonable and in good faith; (4) the party relying on the representation would suffer prejudice if the party whose representation was relied upon were not estopped from contradicting the previous representation. *See e.g. Grange Mut. Cas. Co. v. Smock*, 11th Dist. Geauga No. 2000-G-2293, 2001 Ohio App.

LEXIS 4127, *9 (Sept. 14, 2001), citing *First Federal S. & L. Assn. v. Perry's Landing, Inc.*, 11 Ohio App.3d 135, 145 (6th Dist.1983).

{¶10} First, appellants have failed to establish a representation was made to them. As appellee points out, the receiver never represented any fact to appellants. The receiver merely collected rents and filed reports regarding the rents and their disbursement.

{¶11} Moreover, appellants have failed to establish that there was anything misleading about the reports filed by the receiver. They *allege* the rents collected by the receiver from the tenant were insufficient. The record, however, fails to support this allegation. Presumably, appellants know what their tenant was required to pay, and could have brought any purported deficit in the receiver's reports to the trial court. They did not do so. Further, because appellants failed to raise this point before the trial court, they have waived the issue on appeal. *Panaglous Interiors, Inc. v. Silent Partner Group, Inc.*, 2d Dist. Montgomery No. 18862, 2002 Ohio App. LEXIS 1305, *13-14 (Mar. 22, 2002).

{¶12} Appellants also have failed to establish they actually and reasonably relied on the receiver's reports. And, finally, they have failed to establish prejudice. The record neither indicates appellants, in any sense, relied upon the reports, nor does it suggest the receiver failed to obtain the full amounts due or disburse the rents properly.

{¶13} Finally, as appellee points out, the receiver is not its fiduciary, but the fiduciary of the trial court. *See e.g. State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, f.n. 4. Thus, appellee is not responsible for any alleged failures by the receiver.

{¶14} Appellant's assignment of error lacks merit.

4

{¶15} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with Concurring Opinion.

{¶16} I concur with the majority's well reasoned opinion: the Hounshells waived the affirmative defense of equitable estoppel, and they cannot establish the elements of the defense on this record, in any case. I write separately simply to point out the difficulties which can arise from the use of receivers in cases such as this one.

{¶17} The appointment of receivers pursuant to R.C. 5311.18(B)(2) is a relatively new phenomenon. Historically, receiverships have been used in bankruptcy or commercial proceedings. In the foreclosure setting under R.C. 5311.18(B)(2), receiverships generally involve rental units. The intent of the statute is to reduce the monies owed by the debtor and increase the monies paid toward arrearages or settlement. However, once a receiver is appointed, the parties must consult the receiver's reports to discover if a tenant is paying the rentals due and owing. These reports are filed at fairly lengthy intervals: in the event the renter falls behind, the parties may only discover months after the fact that rentals were not paid, further depleting the value of the property to the detriment of both parties. A receiver may only be sued in his or her official capacity by leave of the appointing court, and recovery is limited to

5

funds the receiver holds. *PNC Bank, Natl. Assn. v. Kidz Real Estate Group, LLC*, 6th Dist. Lucas No. L-11-1303, 2013-Ohio-1357, ¶11. If one of the parties believes the receiver is failing to use ordinary care in carrying out his or her duties, the parties' only remedy may be to bring an action against the receiver in the receiver's personal capacity. *INF Ent., Inc. v. Donnellon*, 133 Ohio App.3d 787, 789 (1st Dist.1999).

**{¶18}** Where the receiver is merely collecting any rentals paid, a vacuum of responsibility may be created. Under this system, the appointment of the receiver actually decreases the amount paid by the debtor or the renter to the lienholder. The receiver is the only party with authority to file an eviction action against a renter who is in arrearages – thus generating further costs, and creating a vacancy. The practical difficulties with the statute are clear, but we are bound to enforce it unless and until the legislature corrects it.

**{¶19}** I concur.